IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DON SHUDA, | ) | 4:08CV3168 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| WILLIAM WILLIAMS, individually | ) | |
| and in his capacity as Veterans Service | ) | |
| Officer of Buffalo County, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is a motion to dismiss this § 1983 action for failure to state a claim upon which relief can be granted.[1] The plaintiff, Don Shuda, is the veterans service officer for Hall, Howard, Sherman, and Nance Counties in Nebraska. The defendant, William Williams, is the veterans service officer for Buffalo County, Nebraska. The plaintiff alleges as follows:

> That beginning in and continuing from the month of July, 2005, the Defendant made and/or supported the accuracy of knowingly false and damaging statements with the intent to harm the personal and business reputations of the Plaintiff.
>
> That Plaintiff's letters demanding the full retraction of false, slanderous, and libelous statements were mailed by United States Postal Service, certified, in September 2006 with no response by the recipients which included the members of the Buffalo County Board of Supervisors, the Buffalo County Attorney, Veterans Service Officer

---

[1] Motions to dismiss have also been filed in three related cases: *Brown v. Williams*, 4:08CV3166; *Burgess v. Williams*, 4:08CV3167; and *Mahlin v. Williams*, 4:08CV3175.

William Williams, and the Buffalo County Veterans Advisory Board. The defendant continues to make the false, slanderous and libelous statements to the present day.

That defendant's false statements were published by the Grand Island Independent Newspaper in Grand Island, Nebraska, by Journalist Tracy Overstreet; and by Jack Gould of Common Cause Nebraska who published the false statements on the website of the organization, for broad publication of the false statements against the Plaintiff.

The false statements by the defendant included but not limited to written letters, internet mass mailings, repeated verbal statements to publishing outlets such as Mr. Gould, and Ms. Overstreet.

That the defendant himself published private medical information and private information about Plaintiff's wife and family members about Plaintiff Shuda on an internet website and circulated the false statements via mass internet mailings.

The defendant also made false statements about the plaintiffs to the Buffalo County Sheriff Department, the Buffalo County Attorney's Office, the Attorney General of the State of Nebraska, the Accountability and Disclosure Office of the State of Nebraska, the Nebraska Supreme Court Council for Discipline, The Office of the Inspector General of the United States Veterans Administration in Kansas City, Kansas, and the United States Congressional Subcommittee on Veterans Affairs in Washington D.C.

That the Defendant falsely stated that Plaintiff was responsible for enticing and falsely advising veterans who met with him for the free services at the Veterans Service office to instead sign up with the Veteran's Advocacy Group for representation. The Defendant stated that Plaintiff was a "shill" for the Veteran's Advocacy Group.

That the Defendant stated that the Plaintiff would have the veterans using the services of the Veteran's Advocacy Group sign a "Memorandum of Gift" as a contract for payment of illegal and inflated fees to the Veteran's Advocacy Group for their services.

That the Defendant falsely stated that the Plaintiff abused his position as a Veterans Service Officer and misused his county-paid time by harming the veterans and secretly obtaining financial benefits for referring the veterans to the services of the Veteran's Advocacy Group.

That the Defendant falsely stated that the Plaintiff received compensation from the Veteran's Advocacy Group for referrals to their services.

That the Defendant falsely stated that the Plaintiff's fraudulently claimed and received a 100 percent disability rating and compensation for the disability for himself as he continues to full time employment and compensation as a Veterans Service Officer in Hall, Howard, Sherman and Nance Counties, Nebraska and that doing so is "committing repeated fraud" on the Veterans Administration concerning his medical condition.

That the Defendant published specific private medical information about the plaintiff on the internet, and distributed mailings to veterans in Hall County, and other Veterans and organizations. The Defendant recommended that the Veteran's Administration Office and of inspector general, search the internet, giving Plaintiff's address and view satellite imagery of Plaintiff's ranch as well as suggesting they surveil and video tape him to show his capability claiming he is not disabled and that the information his claim file is "fabricated" and "an extraordinary lie."

The medical information published by the defendant included but not limited to names of treating physicians, diagnoses and prognosis. This medical information was fraudulently obtained by the defendant through his employment as the Veteran's Service Officer in Buffalo County, Nebraska, and is confidential.

That the Defendant falsely stated that the Plaintiff assisted other veterans in obtaining fraudulent medical examinations in order to receive benefits from the Veteran's Administration.

(Filing 1, ¶¶ 8-21, pp. 3-6 (paragraph numbering omitted; spelling, punctuation, capitalization, and grammar as in original).)

Summarizing the statement of his claim, the plaintiff alleges that "Defendant deprived the Plaintiff of his liberty interest in his reputation by making false and stigmatizing comments about him, without notice and without due process of law" and "deprived the Plaintiff of his liberty interest by publishing his private confidential medical information and information about his wife and family members." (Filing 1, ¶¶ 23, 24, at CM/ECF p. 7.) In the complaint's introductory paragraph, the plaintiff states that he is seeking injunctive and monetary relief for violation of his "due process rights as guaranteed under the First and the Fourteenth [A]mendment[s] to the US Constitution, and for violation of his liberty interest, [by the defendant] making false, stigmatizing statements which have deprived [the plaintiff] of his rights to practice in his chosen profession as well as publishing private and confidential medical information of the Plaintiff personally, in violation of his right to privacy." (Filing 1, ¶ 1, at CM/ECF pp. 1-2.) The defendant disputes that any constitutional violation has been alleged.

I agree with the defendant that his alleged publication of false statements did not violate the plaintiff's constitutional rights under the Fourteenth Amendment. "Damage to reputation alone . . . is not sufficient to invoke the procedural protections of the due process clause. Gunderson v. Hvass, 339 F.3d 639, 644 (8th Cir. 2003) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). "The loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest." Id. Because the plaintiff's defamation claim fails to satisfy this "stigma plus" test, it will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

---

[2] The plaintiff, if he desires, may file a motion for leave to amend his complaint to allege a state-law tort claim and invoke this court's supplemental jurisdiction.

With respect to the defendant's alleged publication of the plaintiff's medical information, however, I find that the plaintiff's complaint sufficiently states a claim upon which relief can be granted.[3] The Eighth Circuit has held that "to violate the constitutional right of privacy 'the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information.'" *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)). "To determine whether a particular disclosure satisfies this exacting standard, we must examine the nature of the material opened to public view to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996). "When the information is inherently private, it is entitled to protection." *Id.* (quoting *Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105, 116 (3d Cir. 1987)). By any estimation, medical records must be considered extremely personal and entitled to protection under the fourteenth amendment. *See id.* (citing with approval *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir.1980) (extending privacy protection to medical records)).

Liberally construing the plaintiff's complaint, it is alleged that the defendant had access to the plaintiff's medical records by virtue of his position as a county

---

[3] When confronted with a Rule 12(b)(6) motion, all the factual allegations contained in the complaint are accepted as true, and the complaint is reviewed to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). If the complaint does not state "enough facts to state a claim to relief that is plausible on its face," it must be dismissed for failure to state a claim. *Id.* at 1974. The complaint must state enough facts to "nudge [the] claims across the line from conceivable to plausible. . .." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

5

veterans service officer,[4] and that he deliberately disclosed confidential information, including physicians' diagnoses and prognoses of the plaintiff's medical condition, by publishing the information on the internet and mailing it to veterans. The defendant argues that he is only alleged to have disseminated information from a reported decision by the Board of Veterans Appeals, involving a claim for benefits by the plaintiff,[5] but the complaint is not so limited.

The plaintiff also complains that "private information about his wife and family members" was published, but no description of this information is provided. Also, as a general rule, a plaintiff may only assert his own injury in fact and "cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, ___ (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). The plaintiff's allegations do not show that he has "third-party standing" to assert a right-to-privacy claim on behalf of his wife and family members. The factual allegations of the complaint also fail to state a First Amendment claim.[6]

The defendant is sued in both his individual and official capacity. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A political subdivision may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." *Id.* (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). However, "[a] political subdivision may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional policy or

---

[4] In this regard, however, I note that the plaintiff alleges that the defendant "fraudulently" obtained the information.

[5] I make no determination of whether this information was private or public.

[6] Although the complaint references the First Amendment, the plaintiff only argues in his brief that he has stated a Fourteenth Amendment claim.

6

custom of the subdivision." *Id.* There is no express allegation that Buffalo County has a policy to disclose confidential medical information, but the plaintiff argues that the defendant acted as a final policymaker when he made the public disclosures. *See, e.g.,* Angarita v. St. Louis County, 981 F.2d 1537, 1546-47 (8th Cir. 1992) (holding that any action taken by police superintendent within his department constituted county policy); *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986) (a municipality is liable under § 1983 for actions directed by an official who establishes governmental policy whether that action is taken only once or repeatedly). Without more information concerning the nature and extent of the defendant's authority, no determination can be made of this question of law.

IT IS ORDERED that the defendant's motion to dismiss (filing 8) is granted in part and denied in part, as follows:

1. The motion to dismiss is granted with respect to the plaintiff's claims that the defendant violated his First Amendment rights and deprived him of a constitutionally protected interest under the Fourteenth Amendment by making false and stigmatizing comments about him, without notice and without due process of law, and by publishing information about his wife and family members.

2. In all other respects, the motion is denied.

October 20, 2008.    BY THE COURT:

    s/ *Richard G. Kopf*
    United States District Judge