IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DON SHUDA, | ) | 4:08CV3168 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| WILLIAM WILLIAMS, individually | ) | |
| and in his capacity as Veterans Service | ) | |
| Officer of Buffalo County, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for summary judgment (filing 21). Upon careful consideration of the parties' pleadings, briefs, and affidavits, I conclude that the motion should be granted, and the plaintiff's action dismissed with prejudice.

I previously determined that the plaintiff's complaint alleges an actionable right-to-privacy claim under the Fourteenth Amendment. Thus, in denying in part a motion to dismiss, I stated:

> Liberally construing the plaintiff's complaint, it is alleged that the defendant had access to the plaintiff's medical records by virtue of his position as a county veterans service officer, and that he deliberately disclosed confidential information, including physicians' diagnoses and prognoses of the plaintiff's medical condition, by publishing the information on the internet and mailing it to veterans. The defendant argues that he is only alleged to have disseminated information from a reported decision by the Board of Veterans Appeals, involving a claim for benefits by the plaintiff, but the complaint is not so limited.

(Memorandum and Order entered October 20, 2008 (filing 16), pp. 5-6 (footnotes omitted).)

The defendant's affidavit establishes that all of the information he disclosed regarding the plaintiff's medical condition and receipt of veterans compensation benefits was publicly available on the internet, and that none of this information was obtained by virtue of the defendant's employment position. Basically, the evidence shows that the defendant discovered by searching the public website of the United States Court of Appeals for Veterans Claims (CAVC) that the plaintiff was named as the appellant in two reported decisions by the CVAC; that using information contained in those decisions, including the plaintiff's dates of service and the name of his attorney, the defendant was then able to locate on the public website of the Board of Veterans Appeals (BVA) what he believed to be the full text of the BVA decision that the plaintiff had appealed to the CVAC, even though the BVA decision identified the appellant only by a docket number; that searching for that docket number on the public website of the BVA, the defendant then located four more BVA decisions that presumably pertained to the plaintiff. (Affidavit of William Williams (filing 22-2), pp. 3-7, ¶¶ 11-33.) The plaintiff has not shown that the defendant disclosed any medical information about him that was not also contained in the seven decisions published by the CAVC and the BVA.

The plaintiff has filed two motions requesting leave to file three exhibits under seal (filings 38, 40). The motions will be denied because the plaintiff did not file the exhibits provisionally under seal as required by our local rules, *see* NECivR 7.5(a)(ii), but instead submitted them directly to my chambers as email attachments.[1] It is counsel's responsibility to file the exhibits, not mine.

---

[1] After receiving the first email, my chambers notified plaintiff's counsel that it was necessary for her to file a motion pursuant to NECivR 7.5.

2

Even if the exhibits had been filed, they would not create a genuine issue of material fact. The plaintiff's index of evidence (filing 39) identifies these three exhibits as having been marked at the defendant's deposition as Exhibits 5, 6, and 7.[2] Exhibit 5 appears to be a collection of emails that the defendant sent out regarding a veteran named George Burgess (who is the plaintiff in a related case filed in this court, *Burgess v. Williams*, Case No. 4:08CV3167). The plaintiff's brief references Exhibit 5 numerous times, but it looks as though all such references were intended to be to Exhibit 6, which is an email about the plaintiff. In other words, Exhibit 5 does not appear to be relevant to the plaintiff's case. Exhibit 7, which consists of 99 pages, appears to be a partial compilation of emails that were either sent or received by the defendant on his office computer. The plaintiff states in his brief that it is apparent from Exhibit 7 that the defendant was using his office to get information (filing 41, p. 7), but the fact remains that all of the medical information that was disclosed by the defendant in Exhibit 6 is found in the published decisions of the CVAC and BVA. The plaintiff also states in the motion to seal that "the Court needs to consider the subject of [Exhibit 6] to understand the continuing Slander and defamation of the Plaintiff." (Filing 38, p. 1.) As I have previously held, however, the defendant's "alleged publication of false statements did not violate the plaintiff's constitutional rights under the Fourteenth Amendment." (Filing 16, p. 4.)

The plaintiff has also filed a motion to amend his complaint to add a claim for slander and defamation under state law (filing 25). This motion will be denied without prejudice since the plaintiff's federal law claim is being dismissed. *See* 28 U.S.C. § 1367 (supplemental jurisdiction statute). The defendant's objection to the motion to amend (filing 26) and the defendant's motion for protective order (filing 29) will also be denied without prejudice.

---

[2] Exhibits 5, 6, and 7 are not identified by the witness in the deposition excerpts that the plaintiff has filed (filing 39-2), nor have they otherwise been authenticated.

In summary, because there is no evidence that the defendant committed "a flagrant bre[a]ch of a pledge of confidentiality," *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)), the plaintiff's constitutional claim fails as a matter of law. I need not consider the defendant's additional arguments that he is entitled to qualified immunity in his individual capacity and that he cannot be held liable in his official capacity because he is not the final policymaker for Buffalo County.

IT IS ORDERED that:

1. The plaintiff's motions to file exhibits under seal (filings 38, 40) are denied.

2. The plaintiff's motion for leave to file an amended complaint (filing 25) is denied without prejudice.

3. The defendant's objection (filing 26) to the motion to amend is denied without prejudice.

4. The defendant's motion for protective order (filing 29) is denied without prejudice.

5. The defendant's motion for summary judgment (filing 21) is granted, and the plaintiff's action is dismissed with prejudice. Judgment shall be entered by separate document.

January 8, 2009.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge