IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DON SHUDA, | ) | 4:08CV3168 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WILLIAM WILLIAMS, individually | ) | |
| and in his capacity as Veterans Service | ) | |
| Officer of Buffalo County, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, William Williams, individually and in his official capacity as the veterans service officer for Buffalo County, Nebraska, has filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 1988.[1]  On October 20, 2008, the court granted in part a Rule 12(b)(6) motion filed by Williams and dismissed the plaintiff's claims that Williams violated his First Amendment rights and deprived him of a constitutionally protected interest under the Fourteenth Amendment by making false and stigmatizing comments about him, without notice and without due process of law, and by publishing information about his wife and family members.  (Filing 16.)  On January 8, 2009, the court granted Williams' motion for summary judgment and dismissed the plaintiff's remaining Fourteenth Amendment claim that Williams violated his right to privacy by disclosing confidential medical information.  (Filing 49.)  In the same memorandum and order, the court denied without prejudice the plaintiff's motion to amend his complaint to add a claim for slander and defamation under state law, and

---

[1] Section 1988 provides, in part:  "In any action or proceeding to enforce a provision of . . . [42 U.S.C.§ 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, . . ."  42 U.S.C.A. § 1988(b) (West 2003).  Williams seeks to recover $9,216.00 for the services of his attorney, $4,620.00 for the services of a paralegal in his attorney's office, and $310.37 for out-of-pocket expenses.

also denied without prejudice Williams' motion for a protective order and objection to the plaintiff's motion to amend.

As recently set forth by the Eighth Circuit:

> Pursuant to § 1988, a district court may award attorney fees to a prevailing party in a lawsuit brought to enforce a provision of § 1983. A prevailing defendant, however, is entitled to attorney's fees only in very narrow circumstances. A plaintiff should not be assessed his opponent's attorney's fees unless the district court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. Even allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, "groundless" or "without foundation . . .." Rather, so long as the plaintiff has some basis for his claim, a prevailing defendant may not recover attorneys' fees. Finally, we are mindful of the Supreme Court's admonition to avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.

*Williams v. City of Carl Junction*, 523 F.3d 841, 843 (8th Cir. 2008) (citations and quotations omitted) (reversing district court's award of attorney fees to defendants where plaintiff's claims, while not meritorious, were not frivolous or unreasonable).

Although Williams easily prevailed in this action, the court is unable to find that the plaintiff's claims were frivolous, unreasonable, or groundless, or that the plaintiff unreasonably continued to litigate. Accordingly,

IT IS ORDERED that the defendant's motion for attorney fees (filing 51) is denied.

February 11, 2009.                  BY THE COURT:

                                         s/ *Richard G. Kopf*
                                         United States District Judge